UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CERES; DEPUTY CHIEF OF POLICE MIKE BORGES; K. KITCHER; D. VIERRA; and DOES 1 through 20 inclusive,<br><br>    Defendants. | 1:11-cv-01414 AWI GSA<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(DOC. 2) |

## I. INTRODUCTION

Before the Court is Defendants City of Ceres (the "City"), Deputy Chief of Police Mike Borges, K. Kitcher, and D. Vierra's (collectively, "Defendants") Motion to Dismiss Plaintiff Michael C. Moore's ("Plaintiff") Complaint (Defs.' Mot. Dismiss, ECF No. 2). Plaintiff did not file an opposition. For the reasons that follow, the Motion to Dismiss will be granted in part and denied in part.

## II. BACKGROUND

This civil rights action arises from Officers Kitcher and Vierra's ("Defendant Officers") September 27, 2010 arrest of Plaintiff. Plaintiff alleges that Defendant Officers, with Chief Borges' approval, conspired to charge Plaintiff with the commission of a crime; assaulted and battered Plaintiff; unlawfully arrested Plaintiff; incarcerated Plaintiff; and compelled Plaintiff to appear and defend himself in court based on false and pretextual criminal charges, which were subsequently dismissed as lacking a factual or legal basis. Compl. ¶ 7, ECF No. 1. On July 22, 2011, Plaintiff filed the Complaint against Defendants in the Superior Court of California, County of Stanislaus, invoking 42 U.S.C. § 1983 and  42 U.S.C. § 1986 and alleging violations of the

First, Fourth, Fifth, and Fourteenth Amendments of the Constitution.  Compl.  Defendants

removed the Complaint to this Court on August 22, 2011.  Pet. for Removal, ECF No. 1.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory.  *Johnson v. Riverside*

*Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule

12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable

to the non-moving party.  *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008).

The Court must also assume that general allegations embrace the necessary, specific facts to

support the claim.  *Smith v. Pac. Prop. & Dev. Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004).  The

Court, however, is not required "to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536

F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988

(9th Cir. 2001)).  Although they may provide the framework of a complaint, legal conclusions are

not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949

(2009).  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have]

not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

(1983).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
> factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to
> relief' requires more than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do.  Factual allegations must be enough to raise a

2

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949; *see Twombly*, 550 U.S. at 570; *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal*, 129 S. Ct. at 1949-50 (citations omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## IV. DISCUSSION

### A.   42 U.S.C. § 1983 Claims

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

3

42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the violation of a right secured by the Constitution or a federal law, and (2) that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).  Here, Plaintiff asserts Section 1983 claims against Defendants for violation of the First, Fourth, Fifth, and Fourteenth Amendments.  Defendants contend that the Complaint does not contain sufficient allegations of any Constitutional violations.

### 1. First Amendment Claims

The nature of Plaintiff's First Amendment claims is unclear.  Defendants move to dismiss Plaintiff's First Amendment claims, ostensibly for violation of right to privacy, access to the courts, and familial association.  Other than listing these alleged violations, however, the Complaint does not contain any factual allegations that are remotely related to Plaintiff's asserted First Amendment claims.  There is no allegation related to privacy or violation of privacy, no allegation that Defendants denied Plaintiff access to the courts, and no assertion related to any of Plaintiff's family members or his association with them.  Defendants' motion to dismiss Plaintiff's First Amendment Claims is GRANTED with leave to amend.

### 2. Fourth Amendment Claims

#### a. Unlawful Arrest

Defendants move to dismiss Plaintiff's Fourth Amendment unlawful arrest claim.  "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause to arrest exists when officers

4

have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Fayer v. Vaugn*, 649 F.3d 1061, 1064 (9th Cir. 2011).

Plaintiff alleges that on or about September 27, 2010, he was "peacefully and lawfully" near the 1300 block of Mitchell in Ceres, California when Officer Defendants accosted him, conspired to charge him with the commission of a crime, and unlawfully arrested him.  Compl. ¶ 13.  Plaintiff also alleges that the arrest was unjustified and that to cover up the unjustified arrest of Plaintiff, Defendants conspired to fabricate a story that portrayed Plaintiff as violating the law. *Id* at ¶ 15.  These allegations sufficiently allege that Plaintiff was arrested without probable cause. Defendants' motion to dismiss Plaintiff's Fourth Amendment claim for unlawful arrest is DENIED.

### b.  <u>Excessive Force</u>

Defendants also move to dismiss Plaintiff's Fourth Amendment excessive force claim. Claims of excessive force during pretrial detention are examined under the Fourth Amendment's prohibition against unreasonable seizures. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002); *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865 (1989).  Fourth Amendment analysis requires balancing of the quality and nature of the intrusion on an individual's interests against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396. Use of force violates an individual's constitutional rights under the Fourth Amendment where the force used was objectively unreasonable in light of the facts and circumstances confronting them. *Id.* at 397.  Excessive force inquiries require balancing of the amount of force applied against the need for that force under the circumstances. *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir.2003).

The Complaint alleges that Officer Defendants "assaulted and battered" Plaintiff.  This

allegation is a legal conclusion and does not contain any allegations of fact to support a claim for excessive force.  Conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).  Defendants' motion to dismiss Plaintiff's Fourth Amendment claim for excessive force is GRANTED with leave to amend.

### 3.  Fifth Amendment Claim

Defendants move to dismiss Plaintiff's Fifth Amendment claim as impermissible under the Constitution.  "[T]he Fifth Amendment's due process clause only applies to the federal government," not state or local law enforcement officials.  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  *See also Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect. The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").  The Complaint states that Defendant City is "a governmental entity and/or public entity duly organized and existing under the laws of the State of California," and Chief Borges, Officer Kitcher, and Officer Vierra were officers, agents or employees of Defendant City in the Police Department. Compl. ¶¶ 5, 6.  The Complaint does not contain any allegations against the federal government.  Plaintiff has no cause of action under the Fifth Amendment.  Defendants' motion to dismiss Plaintiff's Fifth Amendment claim is GRANTED with prejudice.

### 4.  Fourteenth Amendment Claims

#### a.  Due Process Claim

Defendants move to dismiss Plaintiff's Fourteenth Amendment claim under the Due Process Clause as improper.  The Fourteenth Amendment's Due Process clause protects pretrial detainees from the use of excessive physical force.  *Graham v. Connor*, 490 U.S. 386, 395 n.10,

6

109 S.Ct. 1865 (1989); *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Ninth Circuit has determined that the Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention. *Gibson*, 290 F.3d at 1197.  The Court must evaluate Plaintiff's excessive force claim under the Fourth Amendment's objective reasonableness standard, not the Fourteenth Amendment. *See id.*; *see also Lolli v. Cnty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003).  Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim under the Due Process Clause is GRANTED with prejudice.

**b. <u>Equal Protection Claim</u>**

Defendants move to dismiss Plaintiff's Equal Protection Claim as insufficient.  The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S.Ct. 2382 (1982)).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001).  Here, the Complaint does not allege that Plaintiff was a member of a protected class or that Defendants acted with the intent to discriminate Plaintiff on the basis of his membership in the protected class.  The Complaint does not have sufficient allegations to sustain Plaintiff's Equal Protection claim.  Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim under the Equal Protection Clause is GRANTED with leave to amend.

### 5.  <u>Supervisory Liability Claim against Chief Borges</u>

Defendants move to dismiss Plaintiff's claim against Chief Borges for supervisory liability.  In a Section 1983 action, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009).  There is no vicarious "supervisory liability," because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.* at 1949.  A supervisor may be individually liable under Section 1983 "if there exists either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (quoting *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)).

Defendants contend that Plaintiff does not make any specific factual allegations against Chief Borges.  The Complaint, however, alleges that Chief Borges conspired to fabricate a false story that portrayed Plaintiff as violating the law to justify his arrest, fabricated and disseminated that story, exonerated Officer Defendants' arrest of Plaintiff as justified, returned Officer Defendants to active police duty, cleared them of wrongdoing, and gave written and oral reports to investigators that the use of force in the arrest of Plaintiff was justified.  Supervisory liability is imposed against a supervisory official in his individual capacity for his "own culpable action or inaction in the training, supervision or control of his subordinates"; his acquiescence in constitutional deprivations; or for conduct that shows a "reckless or callous indifference to the rights of others."  *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991).  The Complaint contains sufficient allegations to meet these standards.  Defendants' motion to dismiss the Complaint against Chief Borges in his individual supervisory capacity is DENIED.

8

### 6. *Monell* Claim against City of Ceres

A municipality cannot be held liable under a respondeat superior theory.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978).  "But liability can attach if the municipality caused a constitutional violation through official policy or custom, even if the constitutional violation occurs only once."  *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008).  To prevail under a Section 1983 claim against a local government, a plaintiff must show that (1) he or she was deprived of a constitutional right, (2) the local government had a policy, (3) the policy amounted to a deliberate indifference to his or her constitutional right, and (4) the policy was the moving force behind the constitutional violation. *Burke v. Cnty. of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009).  A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Fogel*, 531 F.3d at 834.  A "custom" for purposes of municipal liability is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915 (1988); *L.A. Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990).  There are three ways to show a municipality's policy or custom:

> (1) by showing "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (quoting *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 984-85 (9th Cir. 2002)).

Here, the Complaint alleges that Defendant City had a policy, practice, and custom of:

(a) Failure to properly screen supervise, discipline, transfer, counsel or otherwise control

9

officers who are known or who should have been known to engage in the use of excessive and deadly force, especially those officers repeatedly accused of such improper acts;
(b) Ratification of acts of improper use of force, including deadly force with knowledge of their illegality;
(c) A police code of silence wherein other officers and supervisors habitually cover up use of excessive and deadly force by fabricating accounts to the media and in official reports and investigations, all of which are designed to falsely exonerate officers from potential civil liability.

Compl. ¶ 21.  The Complaint further alleges that Defendant City's investigations of complaints of excessive force and wrongful death were found primarily to be unsustained, although Defendant City thereafter admitted they were meritorious; Defendant City and Chief Borges reduced the percentage of sustained cases and reduced recommended disciplinary penalties although they admitted such reductions were unwarranted; Defendant City and Chief Borges exonerated Defendant Officers for the arrest of Plaintiff; despite media exposes of excessive and deadly force practices by individual officers, no investigation is initiated or effectively pursued; and Defendant City and Chief Borges returned Defendant Officers to active police duty and cleared them of any wrongdoing.  *Id.* at ¶ 24.  These allegations are sufficient to withstand a motion to dismiss. Defendants' motion to dismiss Plaintiff's *Monell* claim is DENIED.

**B.  42 U.S.C. §1986 Claim**

Defendants move to dismiss Plaintiff's 42 U.S.C. § 1986 claim on the basis of Plaintiff's failure to allege a claim under 42 U.S.C. § 1985.  Defendants contend that to state a claim under Section 1985, Plaintiff must allege that Defendants acted from racial or other class-based animus. Defendants are partially correct.

Section 1986 imposes liability on any person who knows of a conspiracy to violate civil rights and has the power to prevent the violation, but refuses or neglects to do so.  42 U.S.C. § 1986; *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1024 (9th Cir. 2001).  A claim can be asserted under Section 1986 only if a claim is asserted under Section 1985.  *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992).  Section 1985 proscribes conspiracies to

10

interfere with civil rights. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990).

Section 1985 has three subdivisions: (1) "preventing officer from performing duties," (2)

"obstructing justice; intimidating party, witness, or juror," and (3) "depriving persons of rights

and privileges." 42 U.S.C. § 1985.  The Complaint does not identify the Section 1985 subdivision

under which Plaintiff is asserting a claim; however, it does not contain sufficient allegations to

maintain a claim under any subdivision of Section 1985.

Section 1985(1) applies exclusively to federal officers and federal office holders. *Canlis v.*

*San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981).  Plaintiff does not

allege that he is or ever was a federal officer.

Section 1985(2) contains two clauses that give rise to separate causes of action. *Bagley v.*

*CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991).  To state a claim under the first clause

of Section 1985(2), Plaintiff must allege the following elements: "(1) a conspiracy by the

defendants; (2) to injure a party or witness in his person or property; (3) because he attended

federal court or testified in any matter pending in federal court; (4) resulting in injury or damages

to the plaintiff."  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).  There is no

requirement of class-based animus to state a claim under the first clause of Section 1985(2). *Id.*

Here, Plaintiff has not alleged a conspiracy by Defendants to injure him or his property because

he attended federal court or testified in any matter pending in federal court.

The second clause of Section 1985(2) gives rise to a cause of action where "two or more

persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner,

the due course of justice in any State or Territory, with intent to deny to any citizen the equal

protection of the laws . . .." 42 U.S.C. § 1985(2).  "It is well-settled that the 'equal protection'

language of the second clause of section 1985(2) requires an allegation of class-based animus for

the statement of a claim under that clause." *Portman*, 995 F.2d at 909.  Here, Plaintiff has not

alleged that any Defendant denied him access to state courts because he was a member of a protected class.

To assert a cause of action under Section 1985(3), Plaintiff must prove three elements: "(1) the existence of a conspiracy to deprive the plaintiff of equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir.2000).  Plaintiff must also identify the deprivation of a legally protected right motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffith v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971).  Here, Plaintiff does not allege that he was a member of a protected class or that Defendants conspired to discriminate Plaintiff on the basis of his membership in the protected class.

The Complaint does not sufficiently assert a claim under any of the three clauses of Section 1985.  Because a Section 1986 claim cannot be asserted without a Section 1985 claim, *see McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1992), Plaintiff's Section 1986 claim fails.  Defendants' motion to dismiss Plaintiff's 42 U.S.C. § 1986 claim is GRANTED with leave to amend.

## V. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as follows:

1.  Defendants' motion to dismiss Plaintiff's Fifth Amendment claim and Fourteenth Amendment Due Process claim is GRANTED WITH PREJUDICE.

2.  Defendants' motion to dismiss Plaintiff's Fourth Amendment excessive force claim, Fourteenth Amendment Equal Protection claim, and 42 U.S.C. § 1986 claim is GRANTED WITH LEAVE TO AMEND.

3.  Defendants' motion to dismiss Plaintiff's Fourth Amendment unlawful arrest claim, claims against Chief Borges in his individual supervisory capacity, and *Monell* claim is DENIED.

4.  Plaintiff may file an amended Complaint that is consistent with this Order within twenty (20) days of service of this Order.

5.  If Plaintiff does not file a timely amended Complaint, then Defendants may file an answer within twenty-seven (27) days of service of this Order.

IT IS SO ORDERED.

Dated:   November 10, 2011       _____

                                CHIEF UNITED STATES DISTRICT JUDGE